IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **VIRIGINA MEDRANO**, individually, And as Guardian of **GENESIS ALVARADO**, *Plaintiffs,* <br><br> v. <br><br> **UNITED STATES CUSTOMS AND BORDER PROTECTION and UNKNOWN OFFICERS OF U.S. CUSTOMS AND BORDER PROTECTION, AND THE UNITED STATES OF AMERICA,** *Defendants.* | CAUSE NO.: 3:25-cv-00238 <br> A CIVIL ACTION |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, Virginia Medrano and Genesis Alvarado, by and through their undersigned counsel, files this Original Complaint against the Defendants and states as follows:

### I.   PRELIMINARY STATEMENT

1. This civil rights and tort action seeks relief for violations of Plaintiff's constitutional and statutory rights, including rights protected under 42 U.S.C. § 1983, the Federal Tort Claims Act, and the Fourth and Fifth Amendments of the United States Constitution.

2. This action arises from a July 9, 2023 incident in which U.S. Customs and Border Protection (CBP) officers, acting under color of federal law, unlawfully detained and physically assaulted Virginia Medrano while she was present at or near the El Paso Del Norte Bridge. As a result of this use of excessive and unjustified force, Plaintiff sustained physical injuries and emotional trauma, confirmed by subsequent medical evaluation and treatment.

### II.   II. JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, 1346(b), and 42 U.S.C. § 1983.

4. Venue is proper under 28 U.S.C. § 1391(e) because the events giving rise to Plaintiff's claims occurred in the Western District of Texas.

### III.   III. PARTIES

5. Plaintiff, Virginia Medrano, is an individual and resident of El Paso County, Texas.

6. Plaintiff, Genesis Alvarado, a minor, is an individual and resident of El Paso County, Texas.

7. Defendant, United States of America, may be served via the United States Attorney for the Western District of Texas and the United States Attorney General via certified mail to U.S. Department of Justice, Office of the Attorney General, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

8. Defendant, U.S. Customs and Border Protection (CBP), is a federal agency within the Department of Homeland Security and may be served through the United States Attorney for the Western District of Texas and the national office at U.S. Customs and Border Protection Office of Chief Counsel, 1300 Pennsylvania Avenue, NW, Washington, DC 20229. The address for the United States Attorney for the Western District of Texas is Western District of Texas – San Antonio Division, Attn: Civil Process Clerk, 601 NW Loop 410, Suite 600 San Antonio, TX 78216.

9. John Doe CBP Officers, whose names are unknown at this time, were acting within the scope of their employment and under color of federal law when they committed the acts described herein.

### IV.   IV. CONDITIONS PRECEDENT

10. Plaintiffs submitted administrative tort claims via Standard Form 95 (SF-95) on December 22, 2023, alleging personal injury resulting from the July 9, 2023 incident. CBP acknowledged receipt but requested further documentation. To date, the claims have not been resolved, and six

months have passed without final determination, satisfying the jurisdictional requirement under 28 U.S.C. § 2675(a).

## V.  V. FACTUAL ALLEGATIONS

11. On July 9, 2023, Plaintiff Virginia Medrano and her juvenile daughter were present at or near the El Paso Del Norte Bridge when they were approached and detained by CBP agents.

12. Without cause or warning, and in the absence of any articulable threat or resistance, CBP officers physically assaulted Ms. Medrano. She sustained significant trauma to her chest and spine, including a chest wall contusion and lumbar spine sprain, as confirmed by medical records from Mountain View Emergency Center. Contemporaneously, Plaintiff Genesis Alvarado was detained using extreme force given that she was an unarmed juvenile female.

13. Emergency department records dated July 10, 2023, document pain, visible injury, and treatment consistent with physical assault to Virginia Medrano. Plaintiff Medrano was diagnosed with chest wall pain, contusions, and lumbar sprain. X-rays and CT imaging ruled out fracture but confirmed trauma. She was discharged with instructions for continued pain management and follow-up care. Plaintiff Alvarado sustained a crushing injury to her left ankle and foot due to the altercation with immigration officials (CBP) in which the car door was forcefully shut on her ankle/foot, and the same ankle was knelt on by a CBP official during this encounter involving Plaintiffs.

14. Despite the severity of the incident, no criminal charges were filed, nor were Plaintiffs accused of any offense. The assaults appear to be wholly unprovoked and unjustified and contrary to established law.

## VI.  VI. CLAIMS FOR RELIEF

FIRST CAUSE OF ACTION – 42 U.S.C. § 1983 (Excessive Force)

15. Plaintiffs incorporate the allegations above.

16. The conduct of the individual CBP officers deprived Plaintiff of her clearly established right under the Fourth and Fifth Amendments to be free from unreasonable seizure and excessive force.

*SECOND CAUSE OF ACTION – FEDERAL TORT CLAIMS ACT (FTCA)*
28 U.S.C. § 2671 et seq.;

17. Plaintiffs incorporates the allegations above.

18. CBP officers were acting within the scope of their employment as federal law enforcement officers when they assaulted Plaintiff. The use of physical force was negligent, reckless, and intentional.

19. The United States is vicariously liable under the doctrine of respondeat superior.

20. Damages sought under this cause of action include:

21. Physical pain and suffering

22. Emotional distress

23. Medical expenses

24. Future treatment and care

*THIRD CAUSE OF ACTION – BIVENS ACTION (Constitutional Tort)*

25. Plaintiffs incorporate all preceding allegations.

26. The acts of the unnamed CBP officers violated Plaintiff's Fourth Amendment rights against unlawful search and seizure. These violations were committed under color of federal authority and are actionable under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

## VII.   VII. DAMAGES

27. As a direct result of the Defendants' conduct, Plaintiffs suffered:

    a. Serious physical injuries (documented in over 80 pages of medical records)

    b. Emotional trauma, including anxiety, fear, and humiliation

    c. Past and future medical costs

    d. Pain and suffering

    e. Possible loss of earnings

## VIII.   VIII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray this Honorable Court:

    f. Award actual and compensatory damages in an amount to be determined by the jury;

    g. Award punitive damages against the individual agents (where applicable);

    h. Award attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws;

    i. Grant pre- and post-judgment interest as allowed by law;

    j. Grant such other and further relief as the Court deems just and proper.

## IX.   IX. JURY DEMAND

28. Plaintiffs hereby demand a trial by jury on all issues so triable.

    Attorneys for Plaintiffs:

    Respectfully submitted,

    Law Office of Gabriel S. Perez, PLLC
    1012 N. Campbell Street
    El Paso, Texas 79902
    915-444-5351
    915-671-3836 Fax

    By: /s/ Gabriel S. Perez
        Gabriel S. Perez
        New Mexico State Bar No.: 138288
        Texas State Bar No.: 24063580

gabriel@gabrielsperezlaw.com

Respectfully submitted,

*/s/ Brock Benjamin*
BROCK BENJAMIN
Attorney for Defendant Tex. Bar
No. 24048167
1600 Kansas
El Paso, Texas 79902 Tel: 915-
412-5858
Fax: 915-503-2224
E-Mail: brock@brockmorganbenjamin.com