# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| VIRGINIA MEDRANO, INDIVIDUALLY, AND AS GUARDIAN OF G.A., AND G. A., A MINOR CHILD,<br><br>    *Plaintiffs,*<br><br>v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION, UNITED STATES OF AMERICA, AND UNKNOWN OFFICERS OF U.S. CUSTOMS AND BORDER PROTECTION,<br><br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No.  3:25-CV-00238-LS |

## <u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND</u>

Plaintiffs sued Defendants under 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,[1] and the Federal Tort Claims Act ("FTCA").[2] Defendants moved to dismiss Plaintiffs' claims under § 1983 and the FTCA.[3] The Court grants Defendants' motion.

## I.    LEGAL STANDARD.

### A.    Fed. R. Civ. P. 12(b)(1)

"The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss."[4] A court may base its determination about subject-matter jurisdiction on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or

---

[1] 403 U.S. 388 (1971).
[2] ECF No. 1.
[3] ECF No. 14.
[4] *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012).

(3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[5] The motion "should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief."[6] A Rule 12(b)(1) motion should be decided before other contemporaneously filed Rule 12 dismissal motions.[7]

### B.      *Fed. R. Civ. P. 12(b)(6)*

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] A complaint may include legal conclusions, but such conclusions must be supported by factual allegations.[10] To survive a dismissal motion, "plaintiffs must allege facts that support the elements of the cause of action."[11] The court takes as true the complaint's factual allegations and construes them in the light most favorable to the nonmoving party.[12] "'Naked assertions' devoid of 'further factual enhancement'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the presumption of truth.[13] Finally, "Rule 12(b)(6) motions are 'viewed with disfavor and rarely granted.'"[14]

---

[5] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[6] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

[7] *Ramming*, 281 F.3d at 161.

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[9] *Id.*

[10] *Id.* at 679; *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).

[11] *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010).

[12] *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007); *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

[13] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (cleaned up)); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (noting the Court will not "strain to find inferences favorable to the plaintiffs" or credit "conclusory allegations, unwarranted deductions, or legal conclusions" (quoting *Southland Sec. Corp. v. Inspire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004))).

[14] *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (citation omitted).

## II.    ANALYSIS.

### A.  42 U.S.C. § 1983

Defendants correctly argue that Plaintiffs cannot sue federal officers under 42 U.S.C. § 1983.[15] Plaintiffs concede the point and explain that they plead *Bivens* claims in the alternative.[16] The § 1983 claims are dismissed.

### B.    FTCA Claims

Defendants correctly argue that the only proper FTCA defendant is the United States,[17] and Plaintiffs concede the point.[18] As the United States is "the only proper defendant under the Federal Tort Claims Act,"[19] all FTCA claims against the other defendants are dismissed.

### C.    Bivens Action

A plaintiff can only bring a *Bivens* claim against federal officers in their individual capacities,[20] so any intended *Bivens* claim against the United States or U.S. Customs and Border Protection is dismissed.

### D.    Leave to Amend

Plaintiffs seek leave to amend their complaint.[21] The Court grants such leave because it should be freely given[22] and because clarification of Plaintiffs' claims is necessary.

## III.    CONCLUSION.

The Court grants Defendants' motion to dismiss [ECF No. 14] and Plaintiffs have until **March 30, 2026** to file an amended complaint.

---

[15] ECF No. 14 at 6.
[16] ECF No. 18 at 10.
[17] ECF No. 14 at 4.
[18] ECF No. 18 at 8.
[19] *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 185 (5th Cir. 1988).
[20] *Affiliated Pro. Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999).
[21] ECF No. 18 at 12.
[22] Fed. R. Civ. P. 15(a)(2).

**SO ORDERED**.

**SIGNED** and **ENTERED** on March 16, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**